## COMMONWEALTH *vs.* JOSEPH CLARK 3d.

On the trial of a defendant for an assault and battery, where there was contradictory testimony as to the degree of force used towards the defendant by the complainant, on the defendant's refusal to remove from the complainant's premises, after being requested so to do, the judge refused the prayer of the defendant to instruct the jury that if the complainant committed a battery on the defendant, it was not a proper kind of force to remove the defendant, and that the complainant thereby committed the first assault : But the judge instructed the jury that the complainant had a right, after requesting the defendant to remove, and his refusal, to use proper and reasonable force to remove him, and that the jury must determine, from the testimony, how much and what kind of force the complainant used towards the defendant, and that if, in their opinion, he used more force than was necessary, or if the force was not appropriate and adapted to effect the purpose of removing the defendant, then they should consider the complainant as having committed the first assault ; but if the jury considered the force, thus used, as necessary and proper, and also appropriate and adapted to effect the purpose of removing the defendant, then the complainant would be justified, and would not have committed the first assault.

*Held,* that the judge rightly refused the instructions requested, and that the instructions, which he gave, were conformable to the rules of law.

On the trial of the defendant, in the court of common pleas, before *Strong,* J. for an assault and battery on Lemuel Briggs, it was proved that the defendant, with another man, entered Briggs's close and was using his grindstone, when Briggs went to them, and repeatedly ordered the defendant to go from his premises, and the defendant repeatedly told him he would not go, but would remain there as long as he pleased. Immediately after this, according to the testimony of one witness, Briggs " put the flat of his hand on both cheeks of the defendant's face." Another witness testified that " Briggs brushed the defendant's cheek "; and it was testified by a third witness, that Briggs " struck the defendant on the side of his face twice with the flat of his hand," and that " blood was drawn thereby, probably produced by the nails of the hand."

From the exceptions, upon which the case came into this court, it appeared that " the counsel for the defendant requested the court to instruct the jury that if, in their opinion, this was a battery, it was not a proper kind of force to remove the defendant from Briggs's premises ; and that the defendant relied for his defence, that the complainant [Briggs] thereby committed the

first assault. The court declined so to instruct the jury, but did instruct them that Briggs had a right, after requesting the defendant to remove from his premises, and his refusal, to use proper and reasonable force to remove him ; that the jury must determine, from the testimony, what the transaction was ; how much and what kind of force Briggs used ; and if, in their opinion, he used more force than was necessary, or if the force was not appropriate and calculated to effect the object of removing him, then they should consider Briggs as having committed the first assault. But if they considered the force, which he used, as necessary and proper, and also appropriate and calculated to effect the object, then he would be justified in what he did, and would not have committed the first assault."

The jury found the defendant guilty, and the defendant alleged exceptions to these instructions of the court.

*Eddy*, for the defendant. A party has no right to *strike* an other, in order to remove him from his premises. The form of pleading is *molliter manus*, &c. 8 T. R. 81. *Leewerd* v. *Basilee*, 1 Salk. 407. *S. C.* 1 Ld. Raym. 62. 2 Chit. Pl. 529. *Gregory* v. *Hill*, 8 T. R. 299. Com. Dig. Pleader, 3 M. 16. 17. 1 Saund. 296, *note* (1.) *Williams* v. *Jones*, 2 Stra. 1049. 3 Bl. Com. 5, *Chitty's note.* Greater force is allowable in defence of a wife or servant, than in defence of property.

The court, it is submitted, should have decided this point as a matter of law; and not merely have left it to the jury to decide which party committed the first assault.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. It was contended in behalf of the defendant, that the complainant, Briggs, had no right by law to commit a battery on the defendant, in order to remove him from his premises. But the difficulty of maintaining this position in point of law is this ; that every touching of another's person, wilfully or in anger, without his consent, is technically a battery, unless justifiable. But if justifiable, then it is not necessarily either a battery or an assault. 5 Dane Ab. 584. Whether the act, therefore, in any particular case, is an assault and battery or a gentle imposition of hands, or application of force, depends upon the.

question whether there was a justifiable cause. It would, therefore, be absurd to say it cannot be justifiable because it is a battery. But the true questions, we think, are, 1st. whether the party justifying had a good reason for using force; and if so, 2d. whether such force was appropriate in kind, and suitable in degree, to accomplish the purpose.

It is well settled that a person may, after requesting another to remove from his premises, and his refusal to do so, use force for the purpose of removing him. Com. Dig. Pleader, 3 M. 16. 17. *Weaver* v. *Bush*, 8 T. R. 78. As the kind and degree of force, proper to remove a trespasser, must depend upon the conduct of the trespasser in each particular case, the question whether it was suitable and moderate in any particular case, is a question of fact to be left to the jury. In the present case, there was some contrariety in the statement of the several witnesses, who testified to the transaction. The court were requested to instruct the jury that if the act of Briggs was, in their opinion, a battery, it was not a proper kind of force to be used to remove the defendant from his premises, and so would be the first assault, and justify the defendant. But the court could not properly give this instruction; because, whether it was a battery or not, depended on the question whether it was suitable in kind and degree to accomplish his justifiable object. If it be said that a "battery," in this prayer for an instruction, was not used in its technical sense, but intended striking, or the violent infliction of blows, then the instruction was, in effect, given as prayed for, by the instruction that Briggs could justify no application of force which was not suitable, in kind and degree, to the occasion.

We are of opinion that the instructions were correct and were expressed with accuracy and caution, and with the necessary qualifications, and were conformable to the rules of law.

*Exceptions overruled, and judgment on the verdict.*